UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 12-11-HRW

CHARLES RAY MULLINS,                                    PLAINTIFF,

v.                      **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 27, 2005, Plaintiff filed an application for disability insurance benefits alleging disability beginning on April 14, 2005 (Tr. 112-114). This application was denied initially and upon reconsideration. Plaintiff sought an appeal in this Court.

While his appeal was pending, Plaintiff filed a second application, which

resulted in a determination that Plaintiff had been disabled since April 21, 2007.

Subsequently, the Commissioner requested a remand of the case upon the Plaintiff's first application. Pursuant to a remand Order from this Court, a hearing was convened by Administrative Law Judge Ronald M. Kayser.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

Following the hearing, the ALJ ruled that Plaintiff was not disabled. Plaintiff was 58 years old at the time of the hearing decision. His past relevant work consists of work as a fence installer. He claims he is disabled due to "back problems" (Tr. 106).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period being adjudicated, April 5, 2005 through April 20, 2007 (Tr. 394).

The ALJ then determined, at Step 2, during the relevant period, that Plaintiff suffered from back pain secondary to degenerative disc disease, scoliosis, spondylosis and a history of rotator cuff tear, which he found to be "severe" within the meaning of the Regulations (Tr. 394-395).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 395-396).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 397) but determined that he had the residual functional capacity ("RFC") to perform light work, with certain exceptions as set forth in the hearing decision (Tr. 396-397).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 398).

3

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

**A.  Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred in finding his mental limitations non-severe and (2) the ALJ did not properly weigh the opinions of treating and consultative physicians.

### C. Analysis of Contentions on Appeal

The Court is mindful that Plaintiff's full medical and vocational history is not on review. At issue is whether Plaintiff was disabled between April 14, 2005, he alleged onset date, and April 20, 2007, the date before Plaintiff received benefits pursuant to his second application.

Plaintiff's first claim of error is that the ALJ erred in finding his mental limitations non-severe. He asserts that in light of the diagnoses of depression, insomnia, anxiety and chronic pain syndrome, the ALJ should have found that he suffered from severe mental impairment. However, "[t]he mere diagnoses [of a condition] says nothing about the severity of the condition." *Higgins v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1998). The critical inquiry is what, if any, functional limitation is caused by the condition. In this case, there is no substantial evidence

5

that Plaintiff was functionally limited by his psychological impairments. A consultative examination in July 2005 revealed that Plaintiff had a good ability to understand, retain and follow instructions as well as sustain attention (Tr. 156). Another consultative examination in February 2006, found no functional limitations and no difficult in concentration, persistence or pace (Tr. 249). Further, Plaintiff was not referred to a mental health professional. The Court finds there to be substantial evidence in support of the ALJ's decision that Plaintiff's mental impairments were not "severe."

Plaintiff's second claim of error is that the ALJ did not properly weigh the opinions of treating and consultative physicians. Specifically, Plaintiff argues that the ALJ assigned too much weight to the opinion testimony of Dr. Charles Hancock and too little to the opinions of his treating physicians, Dr. Shane McDougal and Dr. Christa Muchenhausen.

The opinion of a treating physician is generally given greater weight than that of an examining physician, provided the opinion is based upon detailed clinical and diagnostic evidence. *Bogle v. Sullivan*, 998 F.2d 342, 347-348 (6th Cir. 1993). The Court is mindful of the fact that it is the ALJ who makes the ultimate determination of disability, not the treating doctor. *Houston v. Secretary of Health & Human Services*, 736 F.2d 365, 367 (6th Cir. 1984).

The opinion of Dr. Hancock, the medical expert who appeared and testified at the administrative hearing, and the opinions of Drs. McDougal and Muchenhausen are at odds. The ALJ found Dr. Hancock's opinion to have ample support in the record. The Court finds no error in this regard.

Dr. McDougal's severe restrictions pertaining to walking and standing are inconsistent with his own treatment notes. Moreover, as Dr. Hancock opined, absent a showing of severe radiculopathy or other incapacity, there lacks a diagnostic reason for such limitation. Similarly, Dr. McDougal's restrictions pertaining to climbing and sitting are not tied to a specific condition or finding.

As for Dr. Muchenhausen, it appears her assessment was based primarily upon Plaintiff's subjective complaints as opposed to testing or other data. Indeed, her restrictions mirror Plaintiff's own description of his limitations at the time of the assessment.

Given the lack of supporting evidence in the record, the Court finds no error in the ALJ's evaluation of the medical evidence.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion

for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 22nd day of February, 2013.



Henry R. Wilhoit, Jr., Senior Judge